Opinion on Order Reviewing Denial of Bail Pending Appeal
PER CURIAM.
We are presented with a motion to review denial of bail pending appeal.[1] See Pla.App.Rule 6.15.
On the motion of appellant, this court relinquished jurisdiction to the trial court on proceedings to set bail pending appeal. The trial court’s order denying bail set forth as follows:
‡ s(i }(; sjc s}:
“After hearing arguments of counsel and considering a Certificate of Restoration of Civil Rights dated May 17, 1977, the Court finds that the specific authority to possess or own a firearm was excepted from those rights restored, and thus, remained as an unrestored civil right, material to Defendant’s eligibility for bail under Fla.R.Cr.P. 3.691(a). Further considered was Defendant’s need for alcoholic rehabilitation as was made evident during the proceedings which hopefully is now being provided by the correctional system.”
* * * * * *
The certificate of restoration of civil rights reads, in part, as follows:
* * * * * *
“WALTER LEWIS ARBOGAST, 07-026287, 67267 DOB 9/19/38 and the same shall be evidence to all persons that this person is restored to all civil rights in this State, except the specific authority to possess or own a firearm, lost by reason of any and all felonies this person may have been convicted of in the State of Florida and/or any prior felony conviction in another state, federal, or military court; provided, however, that if this person has been convicted of a felony and has been released from a county jail or state prison by expiration of sentence, this person shall not be exempt from the registration requirements of Section 775.-13, Florida Statutes.”
The issue to be decided is whether or not this restoration of civil rights is such a restoration as will qualify the defendant to bail under the provisions of Fla.R.Crim.P. 3.691, which provides in part as follows:
“. . .no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored . . . ”
We hold that the restoration of civil rights is effective to qualify the defendant under the quoted section of the rule and that, therefore, he is eligible for bail.
*275 The position of the State that the restoration is a limited restoration and, therefore, not effective under the facts of this case is not well taken inasmuch as the executive department of the State is not authorized to issue a more complete restoration of civil rights because of the limitations placed upon it by Section 790.23, Florida Statutes (1977).
Accordingly, the order denying bail pending appeal is quashed, and this court relinquishes jurisdiction to the trial court with directions to proceed pursuant to Fla.R. Crim.P. 3.691 to determine defendant’s eligibility for bail and, in event he is found eligible under the provisions of the applicable law, to set a proper bond forthwith.
It is so ordered.

. Appellate proceedings in this cause were instituted prior to March 1, 1978, and this appeal is governed by the 1962 revision of the Florida Appellate Rules.